United States District Court
Southern District of Texas
**ENTERED**

March 29, 2022

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES RIVER INSURANCE COMPANY, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-20-4365 |
| | § | |
| JANMARK RESOURCES, INC., *et al.,* | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff James River Insurance Company's ("James River") motion to strike defendant Certain Underwriters at Lloyd's, London's ("Certain Underwriters") untimely expert designation. After reviewing the motion, response, reply, and the applicable law, the court is of the opinion that the plaintiff's motion should be DENIED.

## I. BACKGROUND

The instant motion involves the failure to meet the court's deadline. *See* Dkt. 46. There are four relevant deadlines for the court to consider. First, the deadline for James River, as plaintiff, and Certain Underwriters, as counter-plaintiff, to file their expert designations and reports was September 27, 2021. Dkt. 37. Second, the deadline for Certain Underwriters, as defendants, and James River, as counter-defendants, to file their rebuttal expert designations and reports was October 25, 2021. *Id.* Third, the discovery deadline was November 30, 2021. Dkt. 29. Finally, the deadline to submit dispositive and other pretrial motions was December 7, 2021. Dkt. 43.

On September 24, 2021, James River, as plaintiff, timely designated James H. Hunter as an expert witness. Dkt. 41. On October 25, 2021, Certain Underwriters, as counter-plaintiff, untimely served the expert report and designation of Jeffrey R. Bale as an expert witness. Dkts. 46

at 2, 64 at 2.  Certain Underwriters' counsel states that the untimely designation was a calendaring error caused in part by the counsel's new secretary and not done in bad faith.  Dkt. 64 at 1–2.

James River's initial response to the untimely designation was to designate James H. Hunter as a rebuttal expert on November 24, 2021.  Dkt. 45.  After discovery had closed and at the motion deadline, James River filed the instant motion to strike Certain Underwriter's designation. *See* Dkt. 46.  At the time, docket call was set for January 31, 2022.  Dkt. 29.  The court has issued two subsequent scheduling orders and reset the trial date as July 18, 2022.  Dkts. 68, 74.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 37(c)(1) excludes an untimely identified witness "unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  "The sanction is automatic in the sense that there is no need for the opposing party to make a motion to compel disclosure."  8B Wright and Miller, *Federal Practice and Procedure* § 2289.1 (3d ed. 2010).  There are four factors the court is to consider when evaluating whether to exclude an untimely designated expert witness: "(1) the importance of the excluded testimony, (2) the explanation of the party for its failure to comply with the court's order, (3) the potential prejudice that would arise from allowing the testimony, and (4) the availability of a continuance to cure such prejudice."  *See E.E.O.C. v. Gen. Dynamics Corp.*, 999 F.2d 113, 115 (5th Cir. 1993); *see also Harmon v. Georgia Gulf Lake Charles L.L.C.*, 476 F. App'x. 31, 36 (5th Cir. 2012).

## III.  ANALYSIS

The parties agree that Certain Underwriter's expert designation is untimely.  *See* Dkts. 46 at 2, 64 at 2.  James River argues that the factors laid out by the Fifth Circuit favor excluding the untimely designated expert witness.  Dkt. 46 at 4–5.  The court disagrees.

2

The first factor to consider is the importance of the witness testimony. *See Gen. Dynamics*, 999 F.2d at 115. James River does not dispute that Bale's testimony is important to establish the damages element for Certain Underwriter's counterclaim. *See* Dkts. 46 at 4, 64 at 5, 69 at 4. However, "the importance of proposed testimony cannot 'singularly override the enforcement of local rules and scheduling orders.'" *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004) (quoting *Geiserman v. MacDonald*, 893 F.2d 787, 792 (5th Cir. 1990)). Thus, while the importance of the testimony weighs in favor of denying the instant motion, the court must address the remaining factors.

The second factor is the explanation for the failure to meet the court's deadline. *See Gen. Dynamics*, 999 F.2d at 115. The parties agree that neither Certain Underwriter's counsel's calendaring error nor the attempt to shift blame to the counsel's secretary provide a valid justification. *See* Dkts. 64 at 2, 69 at 2. However, Rule 37(c)(1) also permits an untimely designated witness to testify if the failure was harmless. Fed. R. Civ. P 37(c)(1). The final two factors speak to whether the failure was harmless. *See Gen. Dynamics*, 999 F.2d at 115. Thus, while this factor favors granting the instant motion, the court must analyze the remaining factors.

The third factor is prejudice. *See id*. The parties disagree on whether James River suffered prejudice from the untimely designation. *See* Dkts. 46 at 4, 64 at 5–6, 69 at 3. After Certain Underwriters made the untimely designation, James River did not seek to strike the expert designation or move to extend the discovery deadline but instead designated James H. Hunter as a rebuttal expert. *See* Dkt. 45. The instant motion to exclude the expert designation was only filed at the motion deadline after discovery had closed. *See* Dkt. 46. Thus, James River's actions demonstrate that any prejudice caused by the late designation was minimal because it could

3

adequately address the designation while discovery was still open.  Further, the timing of the instant motion appears to be tactical in nature, designed to prevent Certain Underwriters from establishing an element of its claim at trial rather than an attempt to cure the minimal prejudice.

The final factor to consider is whether a continuance would cure any prejudice caused by the untimely designation.  *See Gen. Dynamics*, 999 F.2d at 115.  The Fifth Circuit has "repeatedly emphasized that a continuance is the preferred means of dealing with a party's attempt to designate a witness out of time."  *Betzel v. State Farm Lloyds*, 480 F.3d 704, 708 (5th Cir. 2007) (quoting *Campbell v. Keystone Aerial Survs., Inc.*, 138 F.3d 996, 1001 (5th Cir. 1998)).  Where a continuance can cure the prejudice caused by an untimely designation, justice is served best by deciding the case on the merits.  *See Johnson v. Williams Party Boats, Inc.*, No. 3:14-CV-123, 2015 WL 1143178, at *4 (S.D. Tex. Mar. 12, 2015) (citing *Smith v. Johnson & Johnson*, No. 3:08CV245-HTW-LRA, 2010 WL 997057, at *3 (S.D. Miss. Mar.16, 2010)).

The instant motion was filed eight weeks before docket call on January 31, 2022.  Dkts. 29, 46.  One month later, the court issued a scheduling order resetting the docket call for March 25, 2022.  Dkt. 68.  On that same day, James River filed its reply brief and argued that a continuance of the March date would cause further prejudice rather than cure it because of the previous extensions.  Dkt. 69 at 3.  However, James River's subsequent actions undermined the force of this argument because it then joined in a motion to reset the trial date for July 18, 2022.  *See* Dkt. 73.  The court granted that motion, and as a result, Certain Underwriter's designation came eight months prior to trial, giving James River and its designated rebuttal expert more than sufficient time to prepare and respond on the merits.  *See* Dkts. 46, 74.  The court concludes that the two continuances cured any prejudice to James River.

4

Thus, the court determines that the factors weigh against striking Certain Underwriter's expert designation. *See Gen. Dynamics*, 999 F.2d at 115. Therefore, James River's motion to strike is DENIED.

## IV. CONCLUSION

For the reasons stated above, James River's motion to strike Certain Underwriter's expert designation (Dkt. 46) is DENIED.

Signed at Houston, Texas on March 29, 2022.

_____
Gray H. Miller
Senior United States District Judge

5